UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BAPTIST HOSPITAL OF MIAMI, INC., SOUTH MIAMI HOSPITAL, INC., DOCTORS HOSPITAL, INC., HOMESTEAD HOSPITAL, INC., and WEST KENDALL BAPTIST HOSPITAL, INC.,

CASE NO. _____

CIVIL

    Plaintiffs,

v.

MEDICA HEALTHCARE PLANS, INC.,

    Defendant.

_____/

**DEFENDANT MEDICA HEALTHCARE PLANS, INC.'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, and 1446 Defendant Medica Healthcare Plans, Inc. ("Medica") hereby removes the action entitled *Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc., and West Kendall Baptist Hospital, Inc.,* which is pending in the Circuit Court for the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Case No.: 2018-038504-CA-01, to the United States District Court for the Southern District of Florida, Miami Division on the following grounds:

**I. INTRODUCTION**

Medica asserts two grounds for removal: (1) the Court has federal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) (the "Federal Officer Statute"), because Medica was acting on behalf of the Centers for Medicare and Medicaid Services ("CMS") as a Medicare Advantage

47353563;3

Organization ("MAO" or "MA Organization") when it allegedly did not pay medical services provided by Plaintiffs to members of Medicare Advantage plans administered by Medica; and (2) the Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367 to the extent that they exist.

## II.   NATURE OF THE ACTIONS

1. On November 14, 2018, Plaintiffs Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc., and West Kendall Baptist Hospital, Inc. (collectively "Baptist Hospitals") filed their Complaint against Medica in Miami-Dade County, Florida.

2. Baptist Hospitals served the Summons and Complaint on Medica on November 28, 2018. Copies of the Summons, Civil Cover Sheet, Complaint, and docket are attached as **Composite Exhibit 1**. A copy of the Service of Process Transmittal showing the date of service is attached as **Exhibit 2**.

3. Medica is a health plan, which has a contract with CMS to provide Medicare Advantage Plans to Medicare beneficiaries in Miami-Dade and Broward Counties. (*See* Declaration of Christina L. Perez at ¶ 4, a copy of which is attached as **Exhibit 3**.)

4. Baptist Hospitals allege they have an agreement with Medica to provide medical services to Medicare beneficiaries who have Medica Medicare Advantage Plans ("Medica Members") and to be reimbursed for providing medically necessary and covered medical services pursuant to the agreement among Baptist Hospitals and Medica. (*See* Compl. ¶¶ 1, 6-12, 101-02, 106, 110, 136.) According to the Complaint, the agreement "obligates Medica to 'compensate [the Hospitals] for [Covered] Services furnished to [Medica's] members pursuant to this agreement and the rates and charges set for [in it.]'" (*Id*. at ¶ 8) (brackets in original).

5. Baptist Hospitals seek to recover the amount of $808,206.12 for the alleged medically necessary and covered services provided to Medica Members. (*See* Compl. "Wherefore" clause following ¶¶ 112, 120, 128, and 135.)

6. Medica is entitled to remove this action because it satisfied the procedural grounds for removal. Medica has not filed an answer or otherwise responded to the Complaint, and no proceedings have been commenced in the Miami-Dade County Circuit Court case.

7. The claims at issue in the Complaint (*see* Compl. ¶¶ 13-101) were submitted for medical services provided to Medica Members who were Medicare beneficiaries enrolled in Medicare Advantage plans administered by Medica. According to the contract between Medica and CMS, Medica administers Medicare benefits as a government contractor to Medicare beneficiaries enrolled in its Medicare Advantage plans. (*See* Perez Decl. at ¶ 4, **Exhibit 3**). Additionally, the benefit claims at issue in the Complaint involve a denial of full or partial payments by Medica, many for medical necessity. (*See* Composite Exhibit 2 to Perez Decl. at ¶ 5, which are twenty of the eighty-seven Provider Remittance Advice (PRA) statements of the benefit claims at issue).

8. Medica has a colorable federal defense to Baptist Hospitals' benefits claims for medically necessary and covered services provided to Medica Members covered under the Medicare Advantage plans. In denying payment for services based on medical necessity, Medica determined that the services were not covered under the Medicare Act or the enrollee's Medicare Advantage plan. *See Associates Rehabilitation Recovery, Inc. v. Humana Medical Plan, Inc.*, 76 F. Supp. 3d 1388, 1390 (S.D. Fla. 2014). Moreover, since this action seeks to recover for benefit claims "arising under" the Medicare Act, Baptist Hospitals was first required to proceed through DHHS administrative appeal process, which it has not alleged that it has done. *Id.* at 1392.

9. Medica timely filed this Notice of Removal within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

10. In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Medica will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Judicial Circuit in and for Miami-Dade County, Florida. Medica also will serve a copy on Baptist Hospitals.

11. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Medica is removing this action from the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, which is located in the Southern District of Florida, Miami Division.

12. Medica has met all other procedural requirements for removal.

13. In support of its Notice of Removal, Medica submits the declaration of Christina L. Perez. (*See* **Exhibit 3**).

### III. LEGAL GROUNDS FOR REMOVAL JURISDICTION UNDER THE FEDERAL OFFICER STATUTE

#### A. THE FEDERAL OFFICER STATUE FRAMEWORK

14. The Federal Officer Statute provides for removal of any action against:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. §1442(a)(1).

15. The Federal Officer Statute serves to overcome the well-pleaded complaint rule. Indeed, although ordinarily removal cannot be based on "an anticipated or actual federal defense," "[u]nder the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cnty., Ala. v. Acker,* 527 U.S. 423, 431 (1999); *see also Mesa v. Calif.,* 489 U.S. 121, 136 (1989) ("[I]t is the raising of a federal question in the . . . removal petition that constitutes the federal law under which the action against the federal officer arises for Art[icle] III purposes."); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1195–96 (M.D. Fla. 2006) ("As the Eleventh Circuit has explained, Section 1442 makes the right of removal absolute whenever a suit in a state court is for any act under color of federal office, regardless of whether the suit could originally have been brought in a federal court." (citing *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996)) (internal quotations omitted) (refusing to remand because of jurisdiction under the Federal Officer's statute).

### B. MEDICA SATISFIES THE REMOVAL REQUIREMENTS UNDER THE FEDERAL OFFICER STATUTE

16. A private party may remove a state court action under the Federal Officer Statute "if (1) it acted under the direction of a federal agency or officer; (2) it has a colorable federal defense; and (3) there is a causal nexus between the federal direction and the conduct in question." *McMahon*, 410 F. Supp. 2d at 1196; *see also Assocs. Rehabilitation Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014).

17. The Eleventh Circuit has made clear that "[a] health plan insurer contracting with a government agency under a federal benefits program is considered a 'person acting under' a federal officer" for purposes of removal. *See Anesthesiology Assocs. of Tallahassee, Fla., P.A. v.*

*Blue Cross Blue Shield of Fla., Inc.*, 133 Fed. Appx. 738, 2005 WL 6717869, at *2 (11th Cir. Mar. 18, 2005); *see also Assocs. Rehabilitation Recovery, Inc.*, 76 F. Supp. 3d at 1391-92 (finding that a government contractor administrating a Medicare Advantage plan is a federal officer under the Federal Officer Statute: "Defendant contracted with CMS to administer Medicare benefits on behalf of the federal government for Medicare enrollees in the Medicare Advantage plans offered by Defendant. Defendant operates pursuant to this contract and pursuant to comprehensive regulations promulgated by CMS. Accordingly, Defendant was acting on behalf of CMS when it denied the Medicare benefits at issue here.") (internal citations omitted); *Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1268, 1269-70 (S.D. Fla. 2014).

       18.     All that is required to satisfy the causal connection requirement is a showing that defendant's "relationship to the plaintiff 'derived solely from [its] official duties.'" *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427-28 (11th Cir. 1996) (quoting *Willingham,* 395 U.S. 402, 409 (1969)). This is established where the claim is based on a plan participant's right to reimbursement based on a contract negotiated and interpreted by the federal government and subject to the "specific administrative regime." *The Alabama Dental Ass'n v. Blue Cross & Blue Shield Of AL, Inc.*, No. 205-CV-1230-MEF, 2007 WL 25488, at *8 (M.D. Ala. Jan. 3, 2007) (holding Blue Cross "has adequately put in issue the question of whether it was acting as an agent of the United States so as to provide a colorable federal defense."); *Einhorn*, 43 F. Supp. 3d at 1271 (holding CarePlus Health Plans "made a colorable showing that its entire relationship with the Plaintiff and the acts for which it was being sued were defined and governed by federal law."); *see generally Body & Mind Acupuncture v. Human Health Plan, Inc.*, Case No. 16CV211, 2017 WL 653270, at *6 (N.D.W. Va. Feb. 16, 2017) (unpublished decision) (finding

the health insurer's "refusal to pay [Plaintiff] is an act sufficiently related to its actions under CMS" to satisfy the causal nexus requirement).

19. Here, Medica is a health plan who administrators Medicare Advantage plans for Medica Members for which Baptist Hospitals have submitted claims to obtain payment for medical services provided. Medica was acting at the direction of a federal agency—i.e., CMS—in administering benefits claims under the Medicare Advantage plans. Because the benefits claims at issue were administered pursuant to the federal contracts between Medica and CMS, Medica was acting on behalf CMS when it allegedly denied or underpaid Baptist Hospitals' benefits claims. *See Assocs. Rehabilitation Recovery, Inc.*, 76 F. Supp. 3d at 1391-92; *see also Einhorn*, 43 F. Supp. 3d at 1271.

### C. MEDICA HAS A COLORABLE FEDERAL DEFENSE

20. Medica also has a plausible federal defense. Medica has the colorable federal defense that Baptist Hospitals failed to exhaust administrative remedies under the federal government's regulations governing Medicare Advantage plans. 42 C.F.R. §§ 422.562(b)(4), 422.574, and 422.600; *see also Einhorn*, 43 F. Supp. 3d at 1270 (finding that the defendant had a colorable defense of "failure to exhaust administrative remedies under the Medicare Act") (denying plaintiff's motion to remand); *Assocs. Rehabilitation Recovery, Inc.*, 76 F. Supp. 3d at 1392-93. In Count IV of the Complaint, Baptist Hospitals has specifically alleged that it is seeking payment of the benefit claims at issue as an assignee of the Medica Members. Thus, in that capacity, it is required to exhaust administrative remedies under the Medicare Act.

21. Accordingly, Medica is entitled to remove pursuant to the Federal Officer Statute for its the role in administering Medicare Advantage plans as a health plan—government contractor.

**III.     THE COURT HAS SUPPLEMENTAL JURISDICTION OVER ANY REMAINING CLAIMS**

22.     Because this Court has jurisdiction under the Federal Officer Statute for the benefit claims submitted with regard to at least 20 Medica Members identified in the supporting declaration, it also has supplemental jurisdiction over any remaining state law claims, to the extent that they exist.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."  *Anesthesiology Assocs.*, 2005 WL 6717869, at *2.  Where the federal claims and the state law claims are both based on the plan participants' right to reimbursement from the insurer and where the plaintiff seeks reimbursement directly from the insurer, "both sets of claims arise from the same facts, and resolution of both sets in a single proceeding would serve the interest of judicial economy, as well as the convenience and fairness to the parties."  *Id*. at *3.

23.     Here, the Court has supplemental jurisdiction over any remaining state law claims because they arise from the same allegations that Medica either partially denied or underpaid claims for services rendered by Baptist Hospitals to Medica Members of Medicare Advantage plans administered by Medica.  Resolution of all of the claims in one proceeding would serve the interest of judicial economy because it would prevent inconsistent and duplicative rulings on the same issues involving the same parties.

**IV.     PRESERVATION OF RIGHTS**

24.     By virtue of this Notice of Removal of Action and the notice filed in the action, Medica does not waive its rights to assert any personal jurisdictional defenses or other motions

8

including Rule 12 motions, motions to compel arbitration, or both, as otherwise permitted by the Federal Rules of Civil Procedure.

### V. CONCLUSION

25. Based on the foregoing, this action is removable to federal court because there is federal jurisdiction under the Federal Officer Statute.

Dated: December 28, 2018.

Respectfully submitted,

**AKERMAN LLP**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone:  (954) 463-2700

By: /s/Gera R. Peoples, Esq.
   **Sandra L. Heller, Esq.**
   Florida Bar No. 037055
   sandra.heller@akerman.com
   magda.cabra@akerman.com
   **Gera R. Peoples, Esq.**
   Florida Bar No. 450022
   gera.peoples@akerman.com
   jill.parnes@akerman.com

and

**Irene Bassel Frick, Esq.**
irene.bassel@akerman.com
nicole.emmett@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333

*Counsel for Defendant*
*Medica Health Care Plans, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify this document was filed with the State E-filing Portal and served via the Court's E-filing Portal on this 28th day of December, 2018 to:

Eric Isicoff, Esq.
isicoff@irlaw.com
Matthew L. Lines, Esq.
lines@irlaw.com
Jordan Isicoff, Esq.
Jordan@irlaw.com
Christopher A. Ajizian, Esq.
Ajizian@irlaw.com
**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Telephone:  (305) 373-3232

47353563;3