**MEDICA STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**BAPTIST HOSPITAL OF MIAMI, INC.,**
**SOUTH MIAMI HOSPITAL, INC.,**
**DOCTORS HOSPITAL, INC.,**
**HOMESTEAD HOSPITAL, INC., and**
**WEST KENDALL BAPTIST HOSPITAL, INC.,**
  Plaintiffs,

Case No. 1:18-cv-25460-UU

vs.

**MEDICA HEALTHCARE PLANS, INC.,**

  Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE**
**DEFINITE STATEMENT**

Plaintiffs, Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc. and West Kendall Baptist Hospital, Inc. (collectively, the "Hospitals"), by and through their undersigned counsel, hereby respond in opposition to Defendant, Medica Healthcare Plans, Inc.'s ("Medica") Motion to Dismiss (the "Motion"). [D.E. 43.] The Hospitals' suit seeks compensation for the appropriate and medically necessary treatments rendered to a series of Medica's members.

Medica seeks to dismiss the Complaint on several grounds: (i) the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 10(b); (ii) the Hospitals' claims for equitable relief are foreclosed by an adequate remedy at law; (iii) Count II should be dismissed for failure to state a claim for unjust enrichment as the Hospitals cannot establish that they conferred a direct benefit on Medica; (iv) Count III fails to state a claim for promissory estoppel; and (v) Count IV should

be dismissed because the Hospitals failed to attach or incorporate into the Complaint the written assignments upon which the Count is premised.

## ARGUMENT

### A. The Complaint Complies with Federal Rule of Civil Procedure 10(b).

Medica first argues that the Complaint fails to meet the pleading requirements of Rule 10(b) because the Hospitals did not allege 87 separate counts for each of the four claims it filed. Medica's argument finds no support under the Rules. Federal Rule of Civil Procedure 10(b) provides:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, **each limited as far as practicable to a single set of circumstances**. A later pleading may refer by number to a paragraph in an earlier pleading. **If doing so would promote clarity, each claim founded on a separate transaction or occurrence**--and each defense other than a denial--**must be stated in a separate count or defense.**

(emphasis added).

The Complaint complies with the Rule for a number of reasons. First, "[t]he requirement of separate counts under Rule 10(b) is discretionary, as can be seen from the Rule's provisions." *Bazal v. Belford Trucking Co., Inc.*, 442 F. Supp. 1089, 1098 (S.D. Fla. 1977) (emphasis added). It follows that this Court properly may deny the Motion on this ground if it discerns that requiring the Hospitals plead 348 separate counts (*i.e.*, 87 separate counts of breach of contract, 87 separate counts of unjust enrichment, etc.) for each claim at issue would not promote clarity.

Additionally, the Complaint contains consecutively numbered paragraphs, each of which is limited to the statement of a single set of circumstances, *i.e.*, the patient initials, patient account number, dates of service, and facility for each claim at issue. Medica's position that the Complaint should set forth 348 individual counts for each claim at issue is not consistent with the Rule's

purpose. Rather, the Hospitals pled four counts (legal theories of recovery), each arising from the same transaction or occurrence with respect to all 87 claims. For example, the Hospitals need not allege 87 separate counts of breach of contract claims as they all arise under the same written agreement that governs the amounts payable for services rendered. *See Id*. ("While there thus would be two different causes of action stated in Count One, Rule 10(b) would not mandate their separation into two independent counts because the circumstances underlying both claims are similar, if not identical.").

Further, pleading 87 separate counts for each claim in the Complaint would not "promote clarity" as contemplated by the Rule. This conclusion is actually supported by the cases Medica cites on this issue in its Motion. For example, in *Davis v. Coca-Cola Bottling Co. Consol.*, the Eleventh Circuit discussed the purpose of Rule 10(b):

> These rules work together to require the pleader to **present his claims discretely and succinctly**, so that his **adversary can discern what he is claiming** and frame a responsive pleading, **the court can determine which facts support which claims** and whether the plaintiff has stated any claims upon which relief can be granted, **and, at trial, the court can determine that evidence which is relevant** and that which is not.

516 F.3d 955, 980 (11th Cir. 2008) (quoting *Fikes v. City of Daphne*, 79 F. 3d 1079, 1082-83 (11th Cir. 1996)) (emphasis added). Here, the Hospitals supplied sufficient facts to put Medica on notice of the claims at issue. *See* Compl. ¶¶ 13 – 101 (setting forth the patients' initials, their unique Medica identification numbers, their account numbers with the Hospitals, their dates of service and the facility that provided treatment for each claim). In doing so, the Hospitals alleged discrete claims such that Medica was able to discern the substance. Indeed, Medica successfully removed this action from state court based, in part, on its ability to understand the basic facts of the claims at issue. *See* [D.E. 1 ("Because this Court has jurisdiction under the Federal Officer Statute for the

benefit claims submitted with regard to at least 20 Medica Members identified in the supporting declaration, it also has supplemental jurisdiction over any remaining state law claims, to the extent they exist.").] Further, *Sanctuary Surgical Ctr., Inc. v. UnitedHealthcare, Inc.*, 10-81589-CV, 2011 WL 6935289 (S.D. Fla. Dec. 30, 2011), *Living Tree Labs., LLC v. United Healthcare Services, Inc.*, 16-CV-24680, 2018 WL 1536609 (S.D. Fla. Mar. 29, 2018) and *Gould v. Univ. of Miami*, 16-25233-CIV, 2017 WL 4155479, at *8 (S.D. Fla. Sept. 19, 2017) are all distinguishable because the plaintiffs in those cases brought ERISA claims but failed to plead the scope of their respective ERISA plan coverage. The failure to do so mandated dismissal in those cases because "a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question. In addition, to state a plausible ERISA claim, the complaint must 'provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan." *Living Tree Labs., LLC*, 2018 WL 1536609, at *2 (quoting *Sanctuary Surgical Ctr., Inc.*, 2011 WL 6935289)). This matter does not involve ERISA plans and, as such, the heightened pleading requirements under ERISA are not a proper basis for dismissal.

In sum, the Motion properly should be denied because the Complaint sufficiently sets forth the factual basis for each Count. By alleging four separate causes of action applicable to the 87 individual claims at issue, the Hospitals streamlined the matters set forth in the Complaint. The Court should not require the Hospitals to file a complaint comprising at least 348 counts.

**B. The Hospitals are Permitted to Plead Counts II and III in the Alternative.**

Medica's argument that the Hospitals' claims for unjust enrichment and promissory estoppel must be dismissed finds no support under the Rules or in caselaw. Fed. R. Civ. P. 8(a)(3) expressly permits that a Complaint demand "the relief sought, *which may include relief in the alternative* or different types of relief." (emphasis added). Fed. R. Civ. P. 8(d)(2) expressly

4

provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

Indeed, Courts in this District routinely reject Medica's argument that a plaintiff cannot plead unjust enrichment or promissory estoppel in the alternative. *See Sader v. Padron*, 1:18-CV-22891-UU, 2018 WL 7287159, at *5 (S.D. Fla. Dec. 19, 2018) (quoting *Mobil Oil Corp. v. Dade Cty. Esoil Mgmt. Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997) ("It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express agreement is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature."); *Doe v. Roe*, 17-23333-CIV, 2018 WL 4698886, at *2 (S.D. Fla. Sept. 29, 2018) (citing Fed. R. Civ. P. 8) ("Plaintiff is not prevented from pursuing alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts."); *JI-EE Indus. Co., Ltd. v. Paragon Metals, Inc.*, 09-81590-CIV, 2010 WL 1141103, at *1 (S.D. Fla. Mar. 23, 2010) (internal citations omitted) ("There can be no unjust enrichment or promissory estoppel claim when there is an express contract between the parties. . . . That stated, Plaintiff is not prevented from pursuing alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts."); *Manicini Enters., Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 699 (S.D. Fla. 2006) (citing Fed. R. Civ. P. 8(2) and *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) ("Next, Defendants contend that Plaintiff's claims for *quantum meruit* and unjust enrichment should be dismissed because Plaintiff asserted allegations of an express contract. However, Defendants' argument ignores the basic tenet of alternative pleading. . . . Thus, a plaintiff may plead inconsistent or alternative theories of relief.").

It follows that the Motion properly should be denied as the Hospitals are allowed to plead unjust enrichment and promissory estoppel in the alternative.

**C. Count II States a Cause of Action Against Medica for Unjust Enrichment.**

Next, Medica argues the Hospitals' unjust enrichment claim should be dismissed because they cannot demonstrate their conferral of a direct benefit to Medica.[1] Specifically, Medica argues that the Hospitals' treatment of Medica members inures benefits only to its members and not Medica, despite the fact that Medica knowingly authorized and approved the treatments in advance.

In support of its argument, Medica cites three cases: *Adventist Health*, No. 6:03-cv-1121-ORL-19KRS, 2004 WL 6225293 (M.D. Fla. Mar. 8, 2004); *Hialeah Physicians Care, LLC v. Connecticut Gen. Life Ins. Co.*, 13-21895-CIV, 2013 WL 3810617, at *1 (S.D. Fla. July 22, 2013); and *Peacock Med. Lab, LLC v. MedicaHealth Group, Inc.*, 14-81271-CV, 2015 WL 2198470 (S.D. Fla. May 11, 2015).[2] Contrary to their assertions in the Motion, Medica fails to disclose that

---

[1]  The Motion does not address any other element of a claim for unjust enrichment. Under Florida law, the elements for unjust enrichment are "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Biondi v. Branch Banking & Tr. Co.*, 1:18-CV-22521-UU, 2018 WL 6566027, at *7 (S.D. Fla. Aug. 28, 2018) (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F. 3d 1329, 1337 (11th Cir. 2012) and *Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017)).

[2]  Further, the Hospitals raised an argument not addressed in the cases cited by Medica. By rendering services to Medica's members at no cost to the members, the Hospitals essentially fulfilled Medica's contractual obligation to their members to compensate for those services. It follows that the Hospitals conferred a "direct benefit" upon Medica by fulfilling its duty to provide or procure medical services for its members. *See Variety Children's Hosp., Inc. v. Vigliotti*, 385 So. 2d 1052, 1054 (Fla. 3d DCA 1980). *See also See Florida Power & Light Co. v. Allis-Chalmers Corp.*, 752 F. Supp. 434, 439 (S.D. Fla. 1990) (citing *Vigliotti*) (emphasis added) ("[T]he plaintiff must first prove that he conferred a benefit (*i.e.* that he "enriched") the defendant. **Such a benefit may be conferred where the plaintiff satisfies an 'obligation or legal duty' with which the defendant is charged.**").

"[f]ederal district courts appear to be split on the issue of whether health insurance companies receive a benefit for the purposes of unjust enrichment by paying healthcare providers less than what is billed for services to insurance policy holders." *Se. Emergency Physicians LLC v. Arkansas Health & Wellness Health Plan, Inc.*, 4:17-CV-00492-KGB, 2018 WL 3039517, at *5 (E.D. Ark. Jan. 31, 2018). Federal law aside, courts have held that a healthcare provider that provides services to an insured does, in fact, confer a benefit on the insurer.

For example, in *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006), the court found that a medical provider's treatment of an HMO's subscriber conferred a benefit on the HMO sufficient to state a claim for unjust enrichment against the HMO. Additionally, in *Vigliotti*, a child received medical treatment and the plaintiff-provider sought reimbursement. *Variety Children's Hosp., Inc. v. Vigliotti*, 385 So. 2d 1052 (Fla. 3d DCA 1980). The patient's father signed an agreement to pay for the services but reneged on his obligation. The mother, however, did not enter into an agreement with the plaintiff. *Id*. The plaintiff then filed suit against both parents, seeking unjust enrichment damages against the mother. *Id.* at 1053. In reversing the trial court's dismissal of the unjust enrichment count, the Third Circuit District Court of Appeals found the mother received a "legal benefit" sufficient to allege a cause of action for unjust enrichment because the plaintiff's rendering of services fulfilled "her duty to provide or procure necessary medical services" for the patient. *Id*. at 1054. The Hospitals' argument is analogous, as they rendered services to Medica's members on its behalf, thereby fulfilling Medica's obligation to pay or provide for the medically necessary services rendered.

### D.  Count III Sufficiently States a Claim for Promissory Estoppel.

Under Florida law, the elements of a claim for promissory estoppel are "[1] that the plaintiff detrimentally relied on the defendant's promise, [2] that the defendant reasonably should have

expected the promise to induce reliance in the form of action or forbearance by the plaintiff, and [3] that injustice can only be avoided by enforcement of the promise." *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (citing *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999)); *See also DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 93 (Fla. 2013) (citing *W.R. Grace and Co. v. Geodata Serv., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)).

The cases Medica cites regarding the alleged insufficiency of the Hospitals' promissory estoppel count are inapposite. For example, *Vencor Hosps. S., Inc. v. Blue Cross & Blue Shield of Rhode Island*, 86 F. Supp. 2d 1155, 1165 (S.D. Fla. 2000)[3] and *Peacock Med. Lab, LLC v. Unitedhealth Group, Inc.*, 14-81271-CV, 2015 WL 5118122, at *5 (S.D. Fla. Sept. 1, 2015) (citing *Vencor Hosps.*) both find that promissory estoppel cannot be established where a provider merely alleged that an insurance company authorized the "type of treatment" rendered but did not authorize the costs incurred to render such treatment. Here, the Hospitals expressly alleged in the Complaint that Medica's authorizations for each patient included both the type of treatment rendered and the costs for same. *See* Compl. ¶ 126 ("The Hospitals provided medical services in reliance on Medica's confirmation and identification cards, **which confirmations and cards indicated that Medica would be responsible to pay the claims and did not disclaim or indicate in any way that the Hospitals would not be paid the reasonable value of their services.**"); *see also* Compl. ¶¶ 9-10 (emphasis added) (explaining that Medica only authorized "Covered Services," which its members were entitled to receive and "**for which Medica has the obligation**

---

3   The *Vencor Hosps.* court was addressing the parties' arguments on promissory estoppel at the summary judgment. Thus, *Vencor Hosps.* is further distinguishable based on its procedural posture, which itself suggests that the Hospitals' pleading is sufficient at the motion to dismiss stage.

**to pay**.") Thus, the Hospitals expressly have alleged that Medica's authorizations included a promise to pay. This is true because Medica only authorized services for which it had an obligation to pay.

Additionally, *RMP Enterprises LLC v. Connecticut Gen. Life Ins. Co.*, 9:18-CV-80171, 2018 WL 2973389, at *6 (S.D. Fla. June 13, 2018) held that the plaintiffs failed to state a claim for promissory estoppel because "[t]he Complaint does not contain any details about the alleged promises from Defendants." Here, the Hospitals' claim for promissory estoppel rests on their allegations that Medica provides its members with identification cards for the purpose of presenting same to the Hospitals in order to promptly receive medically necessary treatment. Compl. ¶ 122. Additionally, the Hospitals contacted Medica to confirm its members' coverage. *Id*. at ¶ 123. In reliance on Medica's representations that its members had coverage, the Hospitals rendered appropriate and medically necessary services to the members at their expense. *Id*. at ¶ 126. Thus, the Hospitals' plain statement of the ultimate facts entitling it to the relief sought is sufficient and they are not required - - as Medica argues - - to plead the factual circumstances of each and every communication between the Hospitals and Medica that form the basis of their claim.

### E. Count IV Should Not be Dismissed for Failure to Attach Written Assignments of Benefits.

Medica's argument that Count IV (claims for benefit under contract by assignee) should be dismissed for failure to attach the relevant written agreements is similarly unavailing. First, at the time of filing the Hospitals needed to avoid publicly disclosing the PHI[4] of Medica's members

---

[4]     The term PHI, as defined *infra*, refers to "protected health information" under 45 C.F.R. § 160.103. PHI includes any "individually identifiable health information." *Id*.

contained in the assignment documents. Considering this Court has since entered a Protective Order Governing the Protection and Use of Confidential Information, such as PHI, [D.E. 31], the Hospitals now are able to share with Medica the Assignments of Benefits that comprise Count IV.

Further, the Hospitals' failure to attach the assignments themselves to the Complaint is not a valid basis to warrant dismissal. *See Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*, 1:16-CV-21255-UU, 2016 WL 3390122, at *4 (S.D. Fla. June 17, 2016) (collecting cases) ("As an initial matter, [p]laintiff is not required to attach [the agreement] to state a claim."); *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, 07-80633-CIV, 2008 WL 660100, at *2 (S.D. Fla. Mar. 7, 2008) ("Contrary to [d]efendants' contentions, when alleging a breach of contract, a plaintiff is not required to attach the subject contract to the complaint in order to state a claim."); *Pals Group, Inc. v. Quiskeya Trading Corp.*, 16-23905-CIV, 2017 WL 3840359, at *3 (S.D. Fla. Sept. 1, 2017) (denying motion to dismiss for failure to attach written agreement and noting that "[a]ny remaining inquiries which defendants may have concerning the specific terms of the alleged contracts may be resolved through the discovery process."); *Manicini Enters.*, 236 F.R.D. at 698 (denying motion to dismiss for plaintiff's failure to attach written agreement to the complaint). Indeed, dismissal on these grounds was denied in a case Medica cites in the Motion. *See Adventist Health Sys./Sunbelt Inc.*, 2004 WL 6225293, at *6-7 (denying motion to dismiss for failure to attach agreements where the provider argued it requires a protective order before divulging sensitive information).

### F. Any Dismissal Should be Without Prejudice

While the Hospitals respectfully submit that the Motion properly should be denied, to the extent that any portion of the Motion is granted, the Hospitals respectfully request that such dismissal be without prejudice to the filing of an amended pleading that would properly address any identified concerns with the allegations of the Complaint.

## **CONCLUSION**

Medica's arguments are without merit. For the reasons set forth above, the Hospitals respectfully request that this Court deny the Motion.

WHEREFORE, Plaintiffs, Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc. and West Kendall Baptist Hospital, Inc., respectfully request that this Court deny Defendant, Medica Healthcare of Florida, Inc.'s Motion to Dismiss, along with all other and such further relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.    (305) 373-3232
Fax    (305) 373-3233

By:    /s/ Matthew L. Lines
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Matthew L. Lines
    Florida Bar No. 0243980
    Lines@irlaw.com
    Christopher A. Ajizian
    Florida Bar No. 1010170
    Ajizian@irlaw.com

*Attorneys for Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., Doctors Hospital, Inc., Homestead Hospital, Inc. and West Kendall Baptist Hospital, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification to the following:

| | |
|---|---|
| **Irene Bassel Frick, Esq.** | **Gera R. Peoples, Esq.** |
| Irene.bassel@akerman.com | Gera.peoples@akerman.com |
| Akerman LLP | Akerman LLP |
| 401 East Jackson Street, Suite 1700 | 350 East Las Olas Boulevard, Suite 1600 |
| Tampa, Florida 33602 | Fort Lauderdale, Florida 33301 |

*Counsel for Defendant, Medica Healthcare Plans, Inc.*


By: ___/s/ Matthew L. Lines_____
       Matthew L. Lines